CARMINE J. BISOGNO *v.* CONNECTICUT STATE BOARD
OF LABOR RELATIONS

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 2—decided June 11, 1963

*Alphonse C. Jachimczyk,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellant (defendant).

*Raymond C. Lyddy* and *M. Lewis Chaplowe,* with whom, on the brief, was *Isadore Chaplowe,* for the appellee (plaintiff).

SHEA, J. The Cleaners, Dyers and Laundry Workers Union Local 364 of the Amalgamated Clothing Workers of America, A.F.L.–C.I.O., hereinafter called the union, filed with the defendant three separate charges that the plaintiff had engaged and was engaging in unfair labor practices. In May, 1960, the agent of the defendant consolidated the charges and issued a complaint against

the plaintiff, alleging in substance that the plaintiff had discharged from his employ Carlos Roldan, Emily Gunther and Mabel James because they had joined and assisted the union and engaged in concerted activities for the purpose of collective bargaining and other mutual aid and protection. The complaint also alleged that the plaintiff had refused and continues to refuse to reinstate Mabel James in her former position, although he was requested to do so. The defendant found that the evidence was not sufficient to warrant a finding of unfair labor practices on the complaint respecting the discharge of Emily Gunther. The defendant concluded that the plaintiff had, by discharging Roldan and Mrs. James and by curtailing the working hours of Mrs. James, discouraged and continued to discourage membership in a labor organization by discriminating in regard to hire and tenure and other terms and conditions of employment, in violation of General Statutes § 31-105 (5); and that the plaintiff had, in refusing to reinstate Roldan and Mrs. James, required employees, as a condition of employment, to refrain from forming or joining or assisting a labor organization of their own choosing, in violation of §§ 31-105 (4), (5). The defendant issued an order directing the plaintiff to cease and desist from certain specified unfair labor practices and to take affirmative action, including (a) an offer to Roldan and Mrs. James of full and immediate employment, without prejudice to all rights and privileges enjoyed by them, in the positions they had held at the time of their discharge or in substantially equivalent positions; (b) compensation of these employees for any loss of pay they may have suffered by reason of their discharge; and (c) compensation of Mrs. James for any loss of pay she

may have suffered between September 29, 1959, and the date of her discharge by reason of her being deprived of the job of marking shirts. From this order the plaintiff appealed to the Superior Court, which rendered judgment sustaining the appeal. From that judgment the defendant has appealed.

An appeal to this court from a judgment of the Superior Court rendered under chapter 561 of the General Statutes is to be taken and prosecuted in the same manner and form as is provided in other cases of appeal to this court. § 31-109 (c). The evidence which a party desires to present should be printed in an appendix to his brief in narrative form. Practice Book §§ 447, 448. The evidence in the defendant's appendix concerning the discharge of Roldan is wholly inadequate to support its claim that the trial court erred in sustaining the appeal from the order of the defendant. The sparsity of the evidence which has been printed makes a review of the Roldan case impossible, and we shall not attempt any further discussion of it. *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193. The judgment so far as it concerns Roldan is correct.

We now consider the case of Mrs. James. From the evidence properly before us, the defendant could reasonably have found the following facts: The plaintiff conducts a general dry cleaning business under the trade name of DeLuxe Cleaners and Shoe Repairing Company and operates two places of business in Bridgeport. In June, 1959, Mrs. James was an employee of the plaintiff. At that time, she and other employees who were members of the union went out on strike. She returned to her job on September 29, 1959. Before the strike, she had the job of marking shirts, and, on her return to

work, she understood that she would have the same job and work the same number of hours. She had worked for the plaintiff about four years, and before the strike her work was satisfactory. The plaintiff knew that Mrs. James was a member of the union, and during the strike he told one of the other employees that she was an agitator. While the strike was in progress, he told different employees that his business was not a union shop and that he did not want a union there. He told one of the employees that he, the plaintiff, did not want the girls who had been on strike back to work but was required by law to give them at least four hours' work each day, and he asked the employee to help him get the girls out of the shop. The plaintiff also threatened to fire another employee if that employee joined the union. After Mrs. James returned to work in September, the plaintiff hired a new girl who, with other duties, took care of marking shirts, part of the work formerly done by Mrs. James. The working time of Mrs. James was thus reduced. The plaintiff told another employee to watch his association with Mrs. James if he wanted to remain friends with the plaintiff. The plaintiff tolerated drinking by some of the nonunion workers and overlooked certain violations of the shop regulations by them. The shop regulations were changed by adding one which permitted the plaintiff to dismiss any employee who had made three mistakes. It was not disputed that Mrs. James had made some mistakes in her work although there was a dispute as to the number of them. In January, 1960, another regulation was added to provide for immediate dismissal in case of any garnishment of the pay of an employee. Mrs. James's pay had been garnished in October, 1959, and another garnishment

was made after the new regulation was posted. She was discharged on February 12, 1960. The plaintiff has refused and continues to refuse to reinstate her. He claimed that he discharged her because she had violated the regulations by making more than three mistakes and by having her wages attached.

The Superior Court, in reviewing a final order of the defendant, does not try the matter de novo. The function of the court is limited on factual questions to a determination of whether the ultimate findings of the defendant were supported, as the statute requires, by substantial evidence. General Statutes § 31-109 (b); *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 461, 115 A.2d 439. The question to be determined here was whether the reasons given by the plaintiff for the discharge of Mrs. James were, in fact, the actual cause of her discharge or whether the plaintiff simply used the regulations of the shop as a subterfuge to bring about her discharge. See *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations,* 148 Conn. 135, 144, 168 A.2d 553. There was a sharp conflict in the evidence, but the question of credibility was one to be resolved by the defendant. So long as there was substantial evidence to support the defendant's findings, the court is unable to interfere. Ibid. The defendant was entitled to find from the evidence and the reasonable inferences to be drawn therefrom that the plaintiff harbored an animosity toward Mrs. James because of her union membership and activity; that he told others of this animosity; that he expressed a disposition to bring about her discharge; that he deprived her of work formerly done by her, thus reducing her working time; that he discriminated against her because of

her membership and activity in the union; and that consequently the true underlying reason for her discharge was that she had joined and assisted the union and had engaged in concerted activity with other employees for the purpose of collective bargaining and other mutual aid and protection. The defendant could have found that such a course of conduct constituted a violation of subsections (4) and (5) of § 31-105. Therefore the defendant was justified in concluding that the plaintiff had engaged in unfair labor practices in discharging Mrs. James from his employ.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.