SUCCESS VILLAGE APARTMENTS, INC. *v.* LOCAL 376, UAW, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA ET AL.

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued March 9—decision released May 16, 1978

*Ronald J. Habansky,* with whom was *Carl E. Watt,* for the appellant (plaintiff).

*Alan Neigher,* for the appellee (named defendant).

*William R. Darcy,* general counsel, for the appellee (defendant Connecticut state board of labor relations).

BOGDANSKI, J. Success Village Apartments, Inc., the employer, filed a petition with the Superior Court pursuant to the provisions of § 31-109 (d) of the General Statutes to set aside a decision of the Connecticut state board of labor relations ordering the employer to bargain with Local 376, UAW, United Automobile Aerospace and Agricultural Implement Workers of America. The trial court dismissed the petition. From that judgment the employer has appealed, assigning error in the court's conclusions.

The undisputed facts, revealed in the pleadings, are as follows: The employer is a nonstock, nonprofit cooperative housing corporation with 924 residential units and employs fifteen to twenty persons in order to service and maintain those units. Local 376 petitioned the board for an election to determine whether those employees wished to be represented by Local 376 for the purpose of collective bargaining. At a hearing held on the petition, the board ordered an election and the employees selected Local 376 to represent them. Thereafter,

the board certified Local 376 as the exclusive representative for the employer's regularly employed production, maintenance and clerical employees. On December 11, 1975, Local 376 filed charges alleging that the employer refused to bargain as ordered. The board held a hearing concerning those charges. On April 30, 1976, the board determined that the refusal of the employer to bargain violated § 31-105 (6) of the General Statutes and ordered the employer to bargain in good faith with Local 376.

On this appeal, the employer claims that the state Labor Relations Act does not apply to nonprofit housing cooperatives and that the board lacked jurisdiction to order an election.

Section 31-101 (7) of the General Statutes defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." Section 31-101 (10) provides that "person" includes "individuals, partnerships, associations, corporations, trustees, receivers and legal representatives." Thus, the statute does not provide for any exclusion for nonprofit entities.

The employer argues that the case of *Point East Condominium Owners Assn., Inc.,* 193 N.L.R.B., No. 6, 78 L.R.R.M. 1107, supports its contention. The National Labor Relations Act, under the provisions of which the *Point East* case was brought, requires a showing of interstate commerce involvement. 29 U.S.C. § 151. That the national labor relations board found no basis for asserting jurisdiction over a housing entity not engaged in interstate commerce in the *Point East* case has no relevance on the issue of whether a state board has jurisdiction under state law. Indeed, with the issue of interstate commerce aside, the federal cases do not support the employ-

er's position. *Associated Press* v. *National Labor Relations Board,* 301 U.S. 103, 128, 57 S. Ct. 650, 81 L. Ed. 953; *National Labor Relations Board* v. *Wentworth Institute,* 515 F.2d 550 (1st Cir.); *Cornell University,* 183 N.L.R.B., No. 41, 74 L.R.R.M. 1269; *Westchester Corporation,* 124 N.L.R.B., No. 21, 44 L.R.R.M. 1327; *Gibson County Electric Membership Corporation,* 65 N.L.R.B., No. 126, 17 L.R.R.M. 244. Because the state act is patterned after the federal act, the judicial interpretation of the federal act is of assistance to the construction of the state act. *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 460, 115 A.2d 439. Moreover, the state Labor Relations Act is a remedial enactment and should be liberally construed in order to accomplish its objectives. See *West* v. *Egan,* 142 Conn. 437, 442, 115 A.2d 322; *Derench* v. *Administrator,* 141 Conn. 321, 324, 106 A.2d 150. In furtherance of that principle, exemptions or exclusions are to be strictly construed. See *Mitchell* v. *Kentucky Finance Co.,* 359 U.S. 290, 295, 79 S. Ct. 756, 3 L. Ed. 2d 815. The trial court correctly concluded that the *Point East* case does not support the employer's position.

The employer contends further that the board lacked jurisdiction because its employees are "domestic" employees and pursuant to General Statutes § 31-101 (6) are excluded from coverage because the cooperative constitutes the home of its members and because the employees perform tasks in the cooperative units as are typically performed by a homeowner incidental to the maintenance of his home.

Domestic service implies employment on an individual and personal basis and cannot be enlarged

to include a maintenance crew or a clerical staff for a 924-unit housing complex. The employer does not claim that the members of the cooperative personally hire and direct the employees in the service and maintenance of their residential units. Rather, the fact is that the members act as a cooperative and, as such an entity, hire employees to perform that work. There is, therefore, no individual and personal relationship between the parties in the employment. "The factual change in the manner of accomplishing the same work is exactly what does change the status of those doing it." *North Whittier Heights Citrus Assn.* v. *National Labor Relations Board,* 109 F.2d 76, 80 (9th Cir.). The court did not err in finding no merit to this claim.[1]

The employer claims that the board should have found that one Norman Stewart was a supervisor as defined in § 31-101 (13),[2] that as a supervisor he should not have been distributing union authorization cards, and that, because he did so, the election should have been voided. The court concluded that: "Mr. Stewart's authority appears limited to routine, minor orders and directives under the close supervision of Mr. Cronk and there appears to be substantial evidence to support the Board's finding that

[1] *Catto* v. *Plant,* 106 Conn. 236, 137 A. 764, cited by the employer as controlling on the definition of "domestic," does not advantage the employer involving as it does a will construction case.

[2] "[General Statutes] Sec. 31-101. . . . (13) 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment, and such individuals shall be 'employees' within the meaning of subdivision (6) of this section . . . ."

he is not a supervisor." The employer challenges
that conclusion and the findings of fact supporting
it as not supported by the evidence.

"In reviewing a final order of the . . . [board],
the Superior Court does not try the matter
de novo. . . . The court can do no more, on the
factual questions presented, than to examine the
record to determine whether the ultimate findings
of the . . . [board] were supported, as the statute
requires, by substantial evidence." *L. Suzio Con-
struction Co.* v. *Connecticut State Board of Labor
Relations,* 148 Conn. 135, 138, 168 A.2d 553; General
Statutes § 31-109 (b). When there is a conflict in
the evidence, the board is entitled to accept that
which it considers the more credible. *Bisogno* v.
*Connecticut State Board of Labor Relations,* 150
Conn. 597, 602, 192 A.2d 550. Moreover, the board
may use its experience and specialized knowledge
in the evaluation of evidence. *Local 1219* v. *Con-
necticut Labor Relations Board,* 171 Conn. 342, 351,
370 A.2d 952. A challenged finding of fact is tested
by the evidence printed in the appendices. Practice
Book, 1963, § 628M; *State* v. *Vars,* 154 Conn. 255,
258, 224 A.2d 744. Our examination of the evidence
printed in the appendix reveals substantial evidence
to support the factual determination that Stewart
was not a supervisor.

The employer contends further that the office per-
sonnel are confidential employees and should have
been excluded. The state statute provides for no
exclusion of "confidential" employees. The board
has, in practice, however, implied such an exclusion
in order to guard against potential conflicts of inter-
est in situations where bargaining unit members
might have advance knowledge of the employer's

bargaining position. The national labor relations board defines confidential employees as "only those employees who assist and act in a confidential capacity to persons who formulate, determine *and* effectuate management policies in the field of labor relations." *B. F. Goodrich Co.*, 115 N.L.R.B., No. 103, pp. 722, 724, 37 L.R.R.M. 1383; *Victor Industries Corporation*, 215 N.L.R.B., No. 7, 87 L.R.R.M. 1536. The employer makes no claim that any of its office employees fit the above category. Rather, the employer claims that access to office files is sufficient for disqualification. That claim must be rejected as too broad. The trial court properly concluded such a broad exception could not be read into the statute.

Similarly, the claim that the office personnel should be placed in a separate bargaining unit must be rejected. Section 31-106 of the General Statutes gives the board wide discretion to determine appropriate bargaining units. Federal courts have likewise recognized the need for such discretion in order to effectuate the policy of efficient collective bargaining. *Pittsburgh Plate Glass* v. *National Labor Relations Board*, 313 U.S. 146, 165, 61 S. Ct. 908, 85 L. Ed. 1251. In a similar factual situation, the national labor relations board ruled that all apartment building service employees, including porters, doormen, maintenance help, clerks and rental agents, properly constituted an appropriate bargaining unit because they have a "high degree of functional integration and mutuality of interests." *Mensch Corporation*, 159 N.L.R.B., No. 11, pp. 156, 159, 62 L.R.R.M. 1265.

The employer next asserts that because five employees are also member-residents of the coop-

erative they must be excluded from the bargaining unit because (1) they "enjoy a special status which allies or tends to ally their interests too closely with management"; (2) that such a situation would "allow the member-employee to sit on both sides of the table and be tantamount to permitting them to negotiate with themselves"; and (3) that any member is "conceivably entitled to compel a full accounting . . . on all matters of co-operative business, which would include labor relations matters," making each a "confidential" employee.

The national labor relations board has been confronted with a similar claim as to stockholders in a small corporation and has rejected the claim. In *Olympia Shingle Company*, 26 N.L.R.B., No. 130, p. 1398, 7 L.R.R.M. 52, the employees were stockholders, and each employee stockholder had one vote in the annual election of the board of directors. The national labor relations board found that factual situation to be no bar to the protection of the labor statutes ruling: "That an employee may also have the rights and privileges of a stockholder does not, of itself, seem sufficient to debar him from availing himself, in his capacity as employee, of the rights and privileges of an employee to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection." Id., 1414. The court did not err in concluding that the employee-members of the cooperative were entitled to the protection of the labor statutes.

Finally, the employer claims that the court erred in sustaining the board's refusal to permit the employer to relitigate some of the issues which had been determined in the representative proceedings. The record reveals that the employer failed to file

a motion to reopen the board's proceedings as required by § 31-101-56 of the regulations of Connecticut state agencies. The trial court did not abuse its discretion in sustaining the board on this issue.

There is no error.

In this opinion the other judges concurred.