[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant state board of labor relations which dismissed the plaintiff's complaint after a hearing. The board's action was taken pursuant to C.G.S. 7-471(4). The appeal is brought pursuant to C.G.S. 4-183 of the Uniform Administrative Procedures Act.
In oral argument before this court, the plaintiff limited the issue on appeal to the claim that the board erred in not finding that the defendant Norwalk Board of Education had unilaterally changed the terms and conditions of employment of certain school custodians. Specifically, the plaintiff had sought to prove to the board that the past practice of the Norwalk Board of Education had been to call in custodians to work at after-school functions without regard to the number of people attending the functions. Then, in 1987, the plaintiffs claimed, the Norwalk board unilaterally changed that practice so as to call in custodians only for functions having at least 50 people in attendance. This change, the plaintiff union claims, reduced the work available for its members. The evidence presented by the plaintiff to the defendant board consisted of testimony of John Mosby, the president of the plaintiff union, which represented custodians employed by the Norwalk board, as well as some documents. The defendant Norwalk Board of Education presented conflicting evidence, consisting of testimony of various school principals and documents, to show that the 50 attendee rule had been in effect since at least 1984 and that no substantive change had been made by the defendant. In its decision, which is the subject of this appeal, the board thoroughly discussed the evidence presented by both sides. It found Mosby's testimony "vague and unspecific." It found the union's documentary evidence to "have several defects." By contrast, the decision indicated that the board found the employer's evidence to be highly persuasive and that it "clearly rebuts Mosby's testimony."
Under statute and case law, this court's scope of review of administrative decisions is very limited. C.G.S. 4-183
provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." See, also Feinson v. Conservation Commission, 180 Conn. 421, 425 (1980), and numerous cases cited therein; holding that "[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Furthermore, "[t]he court can do no more, on the factual questions presented, than to examine the record to determine whether the ultimate findings were supported, as the statute requires, by substantial evidence." CT Page 8497 Persico v. Maher, 191 Conn. 384, 409 (1983). See also Lee v. Board of Education, 181 Conn. 69 (1980); and Success Village Apartments, Inc. v. Local 376, 175 Conn. 165 (1978). In the instant case, the court has examined the record of the administrative proceedings, including the transcript of the hearing and the exhibits. As summarized in the defendant board's decision, there was considerable testimonial and documentary evidence to support the board's ultimate conclusion that the plaintiff had failed to prove that, as a matter of practice, custodians were called in to work at after-school functions regardless of the number of people in attendance. This court finds that evidence to be substantial. That being so, the board's decision must be affirmed notwithstanding the fact that the plaintiff also presented conflicting evidence. It was for the board, not this court, to weigh the evidence and make findings of fact.
The appeal is dismissed.
MALONEY, J.