[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, claiming that he was discharged from his employment because of his cooperation with the Nuclear Regulatory Commission, brings this petition pursuant to General Statutes §52-156a[1] to perpetuate the testimony of others prior to his bringing an action for retaliatory discharge pursuant to General Statutes § 31-51m.[2]
General Statutes § 52-156a requires that a petition to perpetuate testimony make a showing as to five matters. "(A) That the petitioner expects to be a party to an action cognizable in the superior court but is presently unable to bring it or cause it to be brought, (B) the subject matter of the expected action and the petitioner's interest therein, (C) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, (D) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (E) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony." The court will analyze whether the plaintiff has made each required showing.
A. "That the petitioner expects to be a party to an action cognizable in the superior court but is presently unable to bring it or cause it to be brought."
The petition alleges that "[t]he petitioner expects to bring an action in the Superior Court under § 31-51m of the Connecticut General Statutes which provides for protection of whistleblowers from employer retaliation." General Statutes § 31-51m(c) provides that such an action may be brought in the superior court. The petition also alleges that the petitioner is presently unable to bring such an action because he is a party to an administrative proceeding pursuant to a federal statute which provides protection to "whistleblowers" who cooperate with the United States Nuclear Regulatory Commission (NRC) from retaliation by employers. The petition alleges that "[t]he [p]etitioner's NRC whistleblower complaint, filed with the United States Department of Labor on January 29, 1993, is still pending and awaiting trial before an administrative law judge of the . . . Department of Labor." An action under General Statutes § 31-51m can only be brought "after exhausting all available administrative remedies. . . ." Thus the petitioner presently is unable to bring the action "or cause it to be brought. . . ." CT Page 11269
The defendants argue that notwithstanding the language of General Statutes § 31-51m, the petitioner can bring such a statutory action now and need not exhaust an administrative remedy available only before another sovereign. The court need not determine whether or not this is necessarily so. There is no appellate case law in this state on this issue. Lower court decisions addressing analogous situations militate against the defendant's claim. See Brotherton v. Burndy Corp., Superior Court, Judicial District of Ansonia Milford, No. 22481 (2 Conn. L. Rptr. 508, 509-10) (1990) (Fuller, J.), and cases collected therein. Where, as here, the issue as to whether the petitioner may bring an action under General Statutes § 31-51m is at the very least unclear and unsettled, the purpose and policy of General Statutes § 52-156a is advanced by allowing the petitioner to engage in necessary discovery to perpetuate testimony and evidence. Cf. Fishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339, 352,494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985). It would be a strange law and an equivocal type of justice which would deny the petitioner discovery at this time, required him to bring his § 31-51m action now, have it dismissed on the defendants' motion for failure to exhaust administrative remedies, and have to await a decision of our Appellate Court and, not unlikely, a final decision of our Supreme Court on this issue of first impression years from now when the evidence the petitioner seeks to preserve may no longer exists. Meanwhile, the petitioner's federal claim may well still be pending somewhere, on direct appeal or on remand, in the federal forum. The best that may be said of such a course is that it indeed would adhere to the original understanding of the word "exhaustion". The court concludes that the petitioner has satisfied the first requirement for relief under General Statutes § 52-156a.
B. "The subject matter of the expected action and the petitioner's interest therein"
As quoted supra, the petition states that the petitioner expects to be the plaintiff in a civil action brought pursuant to General Statutes § 31-51m.
C. "The facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it."
The facts which the petitioner desires to establish are detailed in paragraphs 10 through 24 of his petition. In substance, the plaintiff seeks to establish or corroborate the material facts of his case. He alleges that until January 22, 1993, he was employed as a research chemist for thirteen years by the defendants. The defendants CT Page 11270 sell grout and concrete products and cement additives for the defendants, and has secured many patents in his name on their behalf. In June 1992, the petitioner reported to the Nuclear Regulatory Commission doubts and concerns he had about his employers quality assurance and testing programs, and about the adequacy of the products being sold by the defendants to nuclear power plants.
Thereafter the petitioner cooperated with the NRC's investigation of the defendants. As a result of the information imparted to the NRC by the petitioner, the NRC conducted an inspection of the defendants' facility pursuant to a search warrant on September 1, 1992. The defendants suspected that the petitioner had instigated the NRC's inspection.
On December 22, 1992, officers of the defendants informed the petitioner that he had performed well during the past years and that he would receive a bonus and a raise. The petitioner was questioned about whether he knew of anybody who had cooperated with the NRC or had prior knowledge of the NRC search. When the petitioner said that he had prior knowledge of the NRC search the meeting abruptly concluded. Thereafter, the petitioner overheard one of the participants in the meeting shout from his office: "I want him out of the building." Thereafter, a principal of the defendants circulated a memo to all employees informing them that the petitioner had cooperated with the NRC search and instructing them not to speak with the petitioner about any matter which was "confidential" or related to the NRC investigation. The memo further states that the petitioner was being placed on a vacation until January 11, 1993.
When the petitioner returned to work on January 12, 1993, he was questioned for six hours by two attorneys for the defendants about what he had told the NRC.
On January 18, 1993, the petitioner was handed a memo from one of the defendants' principals falsely accusing the petitioner of not updating certain material safety data. Understanding that the defendants were trying to wrongly discredit him and manufacture a pretext for his removal, the petitioner, decided to leave the building and report the incident to the NRC. On January 22, 1992, the petitioner was fired. Subsequently, he filed on a whistleblower complaint with the United States Department of Labor. The Wage and Hour Division of the Department of Labor found that the petitioner had been terminated in violation of federal law because he had cooperated with the NRC. The defendants have appealed that determination to an Administrative Law Judge of the Department of Labor where the cause is sub judice. CT Page 11271
General Statutes § 52-156a is patterned after Rule 77(a) of the Federal Rules of Civil Procedure. In such a circumstance, it is appropriate to look to the judicial interpretation of the federal rule for guidance. Board of Trustees v. Freedom of InformationCommission, 181 Conn. 544, 553, 436 A.2d 266 (1980); Success VillageApartments Inc., v. Local 376, 175 Conn. 165, 168, 397 A.2d 85 (1978);Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 348,363 A.2d 170 (1975); New Canaan v. Connecticut State Board of LaborRelations, 160 Conn. 285, 291, 278 A.2d 761 (1971). The purpose of the requirement that the petition show the facts which the petitioner desires to establish by the proposed testimony "is to enable the court to determine whether the facts sought to be established would be material or competent in the determination of the matter in controversy in the expected action. If facts could not conceivably be material or competent in the expected action, perpetuation of the testimony expected to establish them will not be permitted, since it would not prevent a failure or delay of justice. If none of the facts are material or competent the petition should be denied in its entirety, while if some are material and competent the order of the court will be drawn so as to exclude the perpetuation of testimony relative to the immaterial or incompetent matter. It should be borne in mind that since the issues of the expected action are not likely to be as well defined as in a pending action, a more liberal stand of materiality and competency will be applied. The standard adopted by the Supreme Court is: could the facts sought to be perpetuated conceivably be material or competent in the expected action?" 4 Moore's Federal Practice § 27.09; see Arizona v. California, 292 .S. 341, 54 S.Ct. 735,78 L.Ed. 1298 (1934). The petition satisfies this standard.
D. Another requirement in General Statutes § 52-156a with respect to the contents of the petition is that the petition show "(1) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known." The petition states that the potential adverse parties are "Babcock King, Inc., Five Star Products, Inc., U.S. Grout Corp., Nomix Corporation, the Nash Babcock Engineering Company, Construction Products Research Inc., International Construction Products Research Inc., and Hazardous Waste Control Inc., all of which companies have offices at the building at 401-435 Stillson Road, Fairfield, Connecticut 06430 with the exception of Construction Products Research, Inc., which now has offices at 750 Commerce Drive, Fairfield, Connecticut 06430."
E. The final requirement for a petition under General Statutes § 52-156a(a) is that it show "the names and addresses of the persons CT Page 11272 to be examined and the substance of the testimony which the petitioner expects to elicit from each. . . ." The petition lists the names an addresses of thirty-three such individuals and states that the petitioner seeks to establish the facts recited supra constituting the substance of his claim "and in particular that the Petitioner was fired in retaliation for his cooperation with the NRC and that the reasons cited by the defendants were pretexts." This suffices. It is "sufficient to state the facts in a general fashion rather than having to give a narrative of the testimony to be perpetuated. . . ." 8 Wright Miller, Federal Practice and Procedure: Civil § 2072, p. 340.
General Statutes § 52-156a(3) provides: "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories." The defendants argue that there has been no showing that "the perpetuation of the testimony may prevent a failure or delay of justice. . . ." It has been held that absent some showing a bald allegation that absent early discovery evidence would be lost is not sufficient to warrant pre-action discovery under Rule 27 of the Federal Rules of Civil Procedure. Petition of Rosario, 109 F.R.D. 367 (D.C. Mass. 1986);In Re Boland, 779 F.R.D. 665 (D.D.C 1978); Application of Carson,22 F.R.D 64 (D.C. Ill. 1957). However, this requirement "is sufficiently shown from the fact that the petitioner is presently unable to bring the action, since it is common knowledge that the lapse of time is replete with hazards and unexpected events." 8 Wright Miller, Op. Cit. § 2072, p. 339. Such is the case here. The plaintiff cannot bring his action pursuant to General Statutes § 31-51m until he has exhausted "all available administrative remedies." Although he has pursued such an administrative remedy in the federal forum, there is no way of determining when that remedy will be exhausted, especially because it is before another jurisdiction. As the petition alleges: "the Petitioner's NRC whistleblower complaint, filed with the United States Department of Labor on January 29, 1993, is still pending and awaiting trial before an administrative law judge of the United States Department of Labor."
The defendants also claim that the plaintiff's petition is a subterfuge because he may not employ process to compel the attendance of witnesses at depositions in connection with the pending federal administrative proceeding. Were this so, the petition would be denied. Cf. Application of Eisenberg, 654 F.2d 1107 (5th Cir. 1981). The court is not persuaded that such is the plaintiff's motive. Moreover, where CT Page 11273 the plaintiff has complied with the requirements of the statute, the court ought not inquire into secondary motives of the plaintiff. Cf.Labor Board v. Ill. Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394,87 L.Ed. 579 (1943) (when National Labor Relations Board complaint issues, only question is truth of its accusation; motives or bad faith of informer cannot deprive board of jurisdiction); Caserta v. ZoningBoard of Appeals, 219 Conn. 352 593 A.2d 118 (1991); at least where it is clear that the plaintiff has brought the petition for a proper purpose. Cf. Mozzochi v. Beck, 204 Conn. 490, 529 A.2d 171 (1987).
The court has considered the defendants' remaining arguments but finds them unpersuasive.
The petition pursuant to General Statutes § 52-156a to perpetuate testimony is granted.
BRUCE L. LEVIN JUDGE OF THE SUPERIOR COURT