[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff objects to errata sheets filed by the deponent, Monsignor Andrew T. Cusack. The defendant Diocese objects to the objection[1] claiming (1) the nature of the plaintiff's objection does not require the court to take any action, (2) Practice Book § 247(d) entitles the deponent to make "any changes in form or substance" which he desires to make, and (3) the deponent has an obligation to make such corrections so that his deposition reflects the truth.
Practice Book § 247(d) provides in relevant part: "If CT Page 509-AA requested by the deponent or any party, when the testimony is fully transcribed the deposition shall be submitted to the deponent for examination and shall be read to or by the deponent. Any changes in form or substance which the deponent desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the deponent for making them. The deposition shall then be signed by the deponent, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. . . ."
"If a witness gives a deposition and signature is not waived, he may later make changes . . . and give reasons." Rogers v. Roth,477 F.2d 1154, 1159 (10th Cir. 1973); Colin v. Thompson,16 F.R.D. 194, 195 (W.D. Mo. 1954). The deponent made 131 changes in a deposition transcript of 199 pages. However, a great many of these changes, if not the clear majority, appear to be either technical corrections or corrections in spelling or grammar. A conclusive determination of this cannot be made without the transcript, which has not been provided to the court.
The deponent failed to comply with that portion of Practice Book § 247(d) which provides that "[a]ny changes in form or substance which the deponent desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the deponent for making them." "The court would hazard a CT Page 509-BB considered guess that this [provision] is honored much more in the breach than in the observance." Planning Zoning Commission v.Zemel Bros., Inc., 29 Conn. Sup. 45, 59, 270 A.2d 562 (1970).[2]
Practice Book § 247(d) is virtually identical to Fed.R.Civ.Proc.30(e) prior to its amendment in 1993. In such a circumstance, and in the absence of any applicable case law from Connecticut courts, it is appropriate to look to the judicial interpretation of the federal rule for guidance. Board of Trustees v. Freedom ofInformation Commission, 181 Conn. 544, 553, 436 A.2d 266 (1980);Success Village Apartments Inc., v. Local 376, 175 Conn. 165, 168,397 A.2d 85 (1978); Mazzola v. Southern New England Telephone Co.,169 Conn. 344, 348, 363 A.2d 170 (1975); New Canaan v. ConnecticutState Board of Labor Relations, 160 Conn. 285, 291, 278 A.2d 761
(1971); Holub v. Babcock King Inc., Superior Court, Judicial District of Fairfield, No. 316108 (1994).
The deponent's failure to state reasons for the changes he made to the deposition transcript does not militate that the plaintiff's motion be granted. Hawthorne Partners v. A. T. T.Technologies, Inc., 831 F. Sup. 1398 (N.D. Ill. 1993); Bongiovanniv. N.V. Stoomvaart-Matts "Oostzee", 458 F. Sup. 602, 606 (S.D.N Y 1978). Rather, the deponent is ordered to amend the transcript at his expense to reflect the reasons for the changes; Sanford v. CBS,Inc., 594 F. Sup. 713 (N.D.Ill. 1984); and to forward a copy of the CT Page 509-CC entire transcript, together with the changes, reasons, and a copy of the plaintiff's objection and of the "defendants'" response dated December 24, 1996 to the undersigned. Only then may the court determine whether the plaintiff's objection should be sustained, overruled, or whether the plaintiff should be given an opportunity to re-depose the deponent. See, e.g., Rios v. Welch, 856 F. Sup. 1499,1502 (D. Kan. 1994), affirmed sub nom. Rios v. Bigler,67 F.3d 1543 (10th Cir. 1995); United States v. Piqua Engineering,Inc., 152 F.R.D. 565 (S.D.Ohio 1993); Greenway v. InternationalPaper Co., 144 F.R.D. 322 (W.D. La. 1992); see generally, 8A Wright, Miller and Marcus Federal Practice and Procedure (2d Ed. 1994) § 2118.
BY THE COURT,
Bruce L. Levin, Judge of the Superior Court